STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

David Stuart BASHAM, Respondent.

SCBD No. 3711.

Supreme Court of Oklahoma.

Jan. 25, 1994.

Dan Murdock, Gen. Counsel, Thomas C. Riesen, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

James T. Montgomery, Oklahoma City, for respondent.

## OPINION

### PER CURIAM:

The Oklahoma Bar Association ("OBA") filed a complaint against member David Stuart Basham ("Respondent"), alleging that Respondent violated Rules 1.3, 1.4, 3.2, 8.4(a) and 8.4(c) of the Rules of Professional Conduct during the course of representing Casters of Oklahoma, Inc. Casters retained Respondent on or about October 25, 1988 to represent them in a contract dispute wherein they had been sued by Liberty Industries, Inc. in the United States District Court for the Western District of Oklahoma, Case No. CIV–88–1878–W.

The case was assigned to arbitration and on June 1, 1989 the arbitrator entered judgment in favor of Liberty in the amount of $14,083.77. Casters directed Respondent to appeal the arbitrator's decision and request a trial de novo. Respondent subsequently assured Casters that the appeal had been filed and that the case was proceeding towards trial. Actually, Respondent had not filed the appeal.

Subsequently, Liberty obtained judgment against Casters in the amount of $14,083.77 for failure to demand a trial de novo after an adverse arbitrator's ruling. After Casters' appeal time had run, the court entered two garnishment orders against Casters that to-

talled $21,207.09. Liberty garnished Casters' account in that amount. Casters confronted Respondent about his failure to appeal and request a trial de novo. Respondent agreed to a settlement whereby he would make a lump sum payment to Casters in lieu of Casters filing a civil suit against him. Respondent did not make any payment to Casters and did not respond to Casters' attempts to contact him. Casters then filed suit in Oklahoma County District Court, Case No. CJ–90–220 against Respondent. Respondent was properly served, but failed to answer. Casters obtained a default judgment in the amount of $36,734.14.

The OBA and Respondent stipulated that Respondent's conduct violates the mandatory provisions of Rules 1.3, 1.4(a), 8.4(a) and 8.4(c) of the Oklahoma Rules of Professional Conduct, and constitutes grounds for professional discipline. The OBA noted as an allegation to enhance discipline that Respondent received a private reprimand on October 27, 1989 from the Professional Responsibility Commission for neglecting a legal matter entrusted to him and failing to respond to the grievance in violation of Rules 1.3 and 1.4 of Oklahoma Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Proceedings. The OBA and Respondent stipulated that Respondent voluntarily sought assistance from a licensed clinical psychologist and that Respondent voluntarily sought assistance from the Lawyers Helping Lawyers Committee, after disciplinary action was filed. In the stipulations, Respondent agreed to a three month suspension and a two year probation with conditions, which is the discipline the OBA recommended.

A hearing was held before the Trial Panel of the Professional Responsibility Tribunal on October 3, 1990. The Trial Panel found sufficient evidence to establish that Respondent's conduct violated Rules 1.3, 1.4(a), 8.4(a) and 8.4(c) of the Rules of Professional Conduct and constituted grounds for professional discipline. The Trial Panel did not find the enhancement of discipline allegation worthy of consideration because of the nature of the grievance, other than to note that

Respondent had received a private reprimand. The Trial Panel, after noting the seriousness of the allegations, was of the opinion that the question of suspension should be reserved, and that Respondent be placed on probation for a period of two years. As additional terms and conditions of the probation, they recommended that Respondent shall:

a. abide by the Oklahoma Rules of Professional Conduct;

b. cooperate with the Office of General Counsel in any investigation of allegations alleging unprofessional conduct which may have come to the attention of the Office of General Counsel;

c. continue his counseling with a licensed clinical psychologist until the expiration of the probationary period or until the clinical psychologist concludes no further counseling necessary. Should the psychologist believe counseling no longer necessary, Respondent shall cause a letter to be submitted to the Office of General Counsel setting forth said recommendation from the clinical psychologist;

d. Respondent shall continue to be supervised by a member of the Lawyers Helping Lawyers Committee throughout the term of his probation;

e. Respondent shall pay all costs and expenses associated with this proceeding;

f. if at any time during the period of probation Respondent fails to comply with the terms and provisions of his probation and, after a hearing before the Trial Panel a determination has been made that he has violated the terms and provisions of said probation, appropriate sanctions shall be imposed.

The Trial Panel appeared to be greatly influenced by the circumstance that Respondent is obligated to repay his client and that, as a sole practitioner, suspending Respondent from the practice of law, even for a ninety day period would be detrimental to his practice and further lessen his ability to repay the client.

In disciplinary proceedings this Court may approve the Trial Panel's findings of fact or make its own independent findings, dismiss the proceedings or take such other action as it deems appropriate. Rule 6.14, Rules Governing Disciplinary Proceedings.

After a review of the record and taking into account recommendations by the Trial Panel and the Oklahoma Bar Association, we reserve the question of suspension from practice and place the Respondent on probation for two years from the effective date of this opinion. We further order that Respondent remain under the supervision of the Lawyers Helping Lawyers Committee during the period of Respondent's probation.

Respondent shall be assessed the costs of this disciplinary proceeding in the amount of $385.89, to be paid within thirty days of the date of promulgation of this opinion.

HODGES, C.J., LAVENDER, V.C.J., and ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

OPALA, J., concurs in part, dissents in part.

HARGRAVE, J., dissents.